# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY WENDELL BURTON | : CIVIL ACTION |
| v. | : |
| DELAWARE COUNTY COURT HOUSE, et al. | : NO. 12-4175 |

## MEMORANDUM

BARTLE, J.                                               AUGUST 7, 2012

Plaintiff Danny Wendell Burton brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against the Delaware County Court House, Judge Barry C. Dozor, Assistant District Attorney Michael Mattoson, and Public Defender David Daniel. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims arise out of criminal proceedings that were brought against him in the Delaware County Court of Common Pleas. On November 16, 2009, plaintiff pled guilty to simple assault. According to the complaint, on April 2, 2012, Judge Dozor held a Gagnon II hearing.[1] Mattoson and Daniel were present at the hearing, but plaintiff was not present. Judge Dozor concluded that plaintiff violated his probation and, accordingly, sentenced him to two years of imprisonment to run

---

[1] Due process requires that a probationer receive a preliminary and final hearing prior to the revocation of his probation. See Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973). The final hearing is referred to as the "Gagnon II hearing." Commonwealth v. Stafford, 29 A.3d 800, 801 n.1 (Pa. Super. Ct. 2011).

1

consecutively to the terms he was already serving.

Plaintiff claims that Judge Dozor's finding was improper and that the Judge's actions violated the Double Jeopardy Clause because plaintiff received additional time on his sentence even though he was not charged with any new crimes. Plaintiff further asserts that the two year sentence he received equates to false imprisonment and "deliberate indifference," and indicates that he would not have pled guilty had he known that he would be subject to two years of imprisonment beyond what he was already serving. He seeks $500,000 for each violation of his rights and asks the court to "put his state sentence back the way it was."

As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider exhibits attached to the complaint and matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding pro se, the Court must

2

construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

The Court will dismiss plaintiff's claims because they are not cognizable in a § 1983 proceeding. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). Accordingly, to the extent plaintiff seeks an order requiring the defendants to shorten his sentence by two years and/or to recalculate his sentence, his claims must be pursued via a petition for a writ of habeas corpus rather than a § 1983 action. See 28 U.S.C. § 2254.

Plaintiff's damages claims are also not cognizable under § 1983. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff's claims are premised on alleged constitutional deficiencies in his probation revocation hearing and the sentence

3

he received for violating his probation. However, he does not allege that the revocation of his probation or his related sentence were invalidated or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary, the exhibits attached to the complaint and the publicly available record reveal that the challenged sentence remains intact.[2] The same is true for his guilty plea to the extent he is suggesting that the revocation of his probation and related sentence somehow undermine the validity of his plea. Accordingly, the Court will dismiss plaintiff's damages claims because they are not cognizable. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).

There are additional reasons why plaintiff's claims fail. First, § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Nor are states considered "people" for purposes of § 1983. Id. at 71. Accordingly, as the Delaware County Court of Common Pleas/the Delaware County Court House is an arm of the state, it is not subject to liability under § 1983. See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005). Second, Judge Dozor is entitled to absolute judicial immunity from plaintiff's claims, all of which are based on acts the Judge took in his judicial capacity, because "judges are

---

[2]The docket number for plaintiff's state proceeding is CP-23-CR-0006795-2008.

4

immune from suit under section 1983 for monetary damages arising from their judicial acts." Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000). Third, Assistant District Attorney Mattoson is entitled to absolute prosecutorial immunity because plaintiff's claims against him are based solely on his participation in the Gagnon II hearing as the Commonwealth's advocate. See Imbler v. Pactman, 424 U.S. 409, 430 (1976). Finally, Public Defender Daniel is not subject to liability under § 1983 because he is not a state actor.[3] See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because plaintiff cannot state a cognizable § 1983 claim based on constitutional deficiencies in the revocation of his probation and his related sentence unless and until the revocation and sentence are invalidated. Accordingly, plaintiff will not be permitted to file an amended complaint.

For the foregoing reasons, plaintiff's complaint will be dismissed.

---

[3] To the extent that Daniel is alleged to have conspired with the other defendants, he may be considered a state actor for purposes of § 1983. See Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993). However, any conspiracy claim fails because the complaint does not assert "facts from which a conspiratorial agreement can be inferred." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010).